People v Campbell (2024 NY Slip Op 51123(U))

[*1]

People v Campbell

2024 NY Slip Op 51123(U)

Decided on August 29, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 29, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Lamar Campbell, Defendant

Docket No. CR-047446-23KN

Prosecution: Kings County District Attorney's Office by ADA Grace Johnson
Defendant: The Legal Aid Society by Laura Guthrie, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's Certificate of Compliance (COC) and Statement of Readiness (SOR) render them illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a felony complaint in which the top count was PL §215.51(b)(iii), Criminal Contempt in the First Degree, on December 29, 2023. The alleged incident occurred on August 27, 2023; Defendant is accused of violating an Order of Protection (OOP) issued on August 10, 2023, in a separate criminal case involving the same complainant.[FN1]
On January 31, 2024, the Prosecution filed a Superseding Information (SSI) in which the top count was PL §215.50(3), Criminal Contempt in the Second Degree. The same day, the parties appeared in Part DV1, where the felony counts were dismissed, and Defendant was arraigned on the SSI. On April 18, 2024, the Prosecution served and filed a COC and SOR. Via email on June 18, 2024, Defendant, through counsel, requested additional items of discovery. The Prosecution replied on June 20, 2024, indicating that one item requested was not yet in their possession and the others were not subject to automatic discovery. On July 5, 2024, Defendant filed the instant motion.
Defendant argues the Prosecution's failure to turn over the following items of discovery renders their COC and SOR invalid: the complainant's phone records; an Office of Victim Services Application (OVSA) with claim number 827269; and unredacted DD5s created by the NYPD 73rd Precinct Field Intelligence Officer (FIO). Defendant explains that an OVSA is a request for compensation from the State of New York for losses resulting from a crime, and that another item of discovery indicates a counselor from the Kings County District Attorney's Office completed one for the complainant on September 7, 2023.
The Prosecution argues their COC and SOR were filed in good faith and valid under CPL §245.50. They argue that they were not obligated to disclose the complainant's phone records prior to filing their COC because it is neither statutorily, nor actually in their control, and Defendant could have obtained it by subpoena. They argue the OVSA was submitted for another case and is unrelated to this case, evinced by the fact that it was submitted before Defendant's arrest. The Prosecution argues that they were within their rights to redact the DD5s because the sections in question were unrelated to this case and therefore not discoverable. Finally, they argue Defendant's motion is untimely.
RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial . . . until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d 289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for [*2]an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 
ANALYSIS
Phone Records
The complainant's phone records are related to the subject matter of the case and discoverable, either as inculpatory or exculpatory evidence (CPL §245.20[1]). However, the Prosecution correctly argues that materials not in their constructive or actual possession that Defendant may obtain by subpoena duces tecum do not fall within the purview of their automatic discovery obligations (CPL §245.20[2]). Even so, the Prosecution has exercised due diligence in issuing a subpoena for the records and has informed Defendant that they will disclose them when able (People v Bay, 41 NY3d 200 [2023]). The Prosecution is reminded of their obligation to disclose any discoverable materials that come into their possession expeditiously (CPL §§ 245.20[2], 245.60).
OVSA
As part of automatic discovery, the Prosecution is required to disclose "a summary of all promises, rewards and inducements made to, or in favor of persons who may be called as witnesses . . . and copies of all documents relevant to a promise, reward or inducement" (CPL §245.20.20[1][l]). This obligation, like all provisions of automatic discovery, is limited to that which is "relate[d] to the subject matter of the case" (CPL §245.20[1]). The OVSA was submitted as part of a separate case and therefore does not relate directly to the subject matter of this case. However, this analysis which the Prosecution advances is too superficial under the circumstances. This case necessarily implicates the prior case, as the OOP Defendant allegedly violated stems from the older case. The OVSA was submitted after the alleged conduct for which Defendant stands charged in this case, but before his arrest.[FN2]
In short, the OVSA may relate indirectly to the subject matter of this case.
The Court finds that the OVSA is subject to automatic discovery and orders the Prosecution to disclose it within thirty days (CPL §§ 245.20.20[1][l], 245.20[7]). However, the Court recognizes that this is something of a grey area, insofar as it literally relates to a different case. Under the circumstances, the Prosecution acted reasonably in concluding that they were not obligated to disclose it (People v Bay, 41 NY3d 200 [2023]). The Court declines to invalidate the COC on this ground.
Unredacted DD5s
Police paperwork generated during an investigation is subject to automatic discovery (CPL §245.20[1][e]). CPL §245.20(5) permits a party to withhold information from an otherwise discoverable item for good cause. However, the Prosecution has not advanced a good cause showing for the redactions, other than simply to say the information is not related to the case. [*3]The Prosecution states that the index, which was disclosed in its unredacted form, demonstrates that the redacted portions do not relate to the subject matter of the case without any explanation or support. They offer only a lengthy general argument about why the law allows them to unilaterally redact that which is not related to the subject matter of the case, but do not tie it to any specific facts in this case. In short, they assert their position but stop short of giving the Court any basis upon which to evaluate it. The Prosecution is ordered to disclose the unredacted DD5s within thirty days (CPL §§ 245.20[1][e], 245.20[7]).
The discovery statute does not require perfection, only good faith and due diligence. Given the Prosecution's representation that the material contained therein does not relate to this case, the Court finds that they have met this burden (People v Bay, 41 NY3d 200 [2023]; see People v Cooperman, 225 AD3d 1216 [2024] see also People v Watkins, 224 AD3d 1342 [2024]). However, should Defendant find anything related to his case in the previously redacted materials, the Court grants him leave to reargue the issue. 
Speedy Trial
It is undisputed that the ninety-day speedy trial clock began on January 31, 2024, when the top charge was reduced to a misdemeanor. The Prosecution filed a valid COC on April 18, 2024, stopping the clock. Accordingly, they are charged seventy-eight days.
CONCLUSION
Because the Prosecution has not exceeded their ninety-day limit, Defendant's motion to dismiss is denied (CPL §30.30[1][b]). The issue of timeliness is rendered moot. This constitutes the decision and order of the Court.
Dated: August 29, 2024
Hon. Joshua Glick, JCC

Footnotes

Footnote 1:Docket number CR-010622-23KN

Footnote 2:The relevant dates are as follows:
1. August 10, 2023 — OOP issued in previous case
2. August 27, 2023 — alleged violation of OOP, charged in this case
3. September 7, 2023 — OVSA submitted
4. December 28, 2023 — Defendant's arrest in this case